UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KODI TERRY,

    Plaintiff,

v.                                      Case No:   6:13-cv-1031-Orl-37TBS

NEWPORT TELEVISION, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is the Parties Joint Motion for Review and Approval of Settlement Agreement. (Doc 43). The parties request the Court's approval of their proposed settlement of Plaintiffs' Fair Labor Standards Act ("FLSA") claims. Upon due consideration I respectfully recommend that the motion be **GRANTED**.

### I. Background

On July 8, 2013, Plaintiff Kodi Terry brought this collective action under the FLSA for recovery of unpaid overtime against Defendant Newport Television, LLC. (Doc. 1). Plaintiff's complaint alleges that Defendant hired her as a non-exempt IT employee around January 2008, and that from the date she was hired until her departure in June 2013, she worked over 40 hours a week without being paid one-and-one-half times her regular rate of pay for overtime hours worked as required by the FLSA. (Id. ¶¶ 22-26). On July 17, Plaintiff Heidi Spencer filed a notice of consent to join; this Report and Recommendation refers to Spencer and Terry collectively as "Plaintiffs." On September 20, 2013, Defendant answered the complaint, denying liability and raising sixteen affirmative defenses. (Doc. 19).

On October 10, 2013, Plaintiffs answered the Court's interrogatories. (Docs. 20, 21). In their answers, they said they worked for Defendant 10 hours per day Monday through Friday, and that they were on call after hours and on weekends. (Doc. 20 at 2; Doc. 21 at 2). They also said Defendant had misclassified them as exempt employees. (Doc. 20 at 2; Doc. 21 at 2). Exhibits to the interrogatory answers itemize Plaintiffs' alleged damages. (Docs. 20-1, 21-1). Terry claimed $41,792.50 in unpaid overtime and the same amount in liquidated damages for a total of $83,585.00, while Spencer claimed $33,523.20 in unpaid overtime and the same amount in liquidated damages for a total of $67,046.40. (Docs. 20-1, 21-1).

The parties engaged in discovery and settled the case at mediation on June 25, 2014. (Doc. 35). Over the next two months, they formalized their settlement agreement ("Settlement Agreement," Doc. 43-3 at 2-13) and on August 18, 2014, submitted it to the Court for approval. (Doc. 43). They also provided to the Court copies of two Separation and Release Agreements (the "Separation Agreements"), which they entered into over a year ago (and before this litigation began) in connection with the conclusion of Plaintiffs' employment with Defendant. (Docs. 43-1, 43-2).

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); <u>Lynn's Food Stores, Inc. v. U.S.</u>, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a

- 2 -

proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

Before approving a settlement, the district court must scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

The parties have agreed to settle Plaintiff Terry's claims for $24,000, divided as follows: $10,000 in unpaid overtime; $2,000 "in exchange for the other various promises and covenants contained in this agreement," including a general release; and $12,000 in liquidated damages. (Doc. 43-3 at 3). They have agreed to settle Plaintiff Spencer's claims for $20,000, divided as follows: $8,000 in unpaid overtime; $2,000 "in exchange for the other various promises and covenants contained in this agreement," including a general release; and $10,000 in liquidated damages. (Id. at 4). The parties have not explained why Defendant is paying liquidated damages in an amount greater than Plaintiffs' compensatory damages. For the reasons that follow, I have decided not to speculate in this Report and Recommendation about what may have occurred. Defendant has also agreed to pay $35,000 in costs and attorney's fees to Morgan & Morgan, P.A., for its representation of Plaintiffs. (Id. at 4).

Plaintiffs are substantially compromising their claims–Terry and Spencer are respectively getting 29% and 30% of their claimed damages and that falls to 26% and 27% if the $2,000 Defendant is paying each Plaintiff as separate consideration for other provisions in the agreement is excluded.[1] The parties nevertheless agree that these are fair and reasonable settlement amounts. (Doc. 43 at 9). They report that discovery has uncovered information supporting Defendant's position that Plaintiffs were exempt from the FLSA under the "computer professional" exemption, 29 U.S.C. § 213(a)(17), or the "administrative" exemption, 29 U.S.C. § 213(a)(1). (Doc. 43 at 6, 9). And, Defendant is relinquishing a claim it has against Plaintiffs for breach of the Separation Agreements. ((Doc. 43-3 at 5-6). Like most settlements, this one is driven by the facts and the parties are much better informed than the Court is about the facts. No badges of fraud or overreaching are apparent, the parties are represented by experienced labor and employment attorneys, and this settlement was arrived at with the help of a mediator. Therefore, I see no reason to question the parties' judgment and find that the settlement amounts are reasonable.

The parties have also agreed that the $35,000 sum for attorney's fees and costs is reasonable and that this sum was negotiated separately from Plaintiff's recovery without regard to the amount of the Settlement Sum. (Doc. 43 at 10-11). This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to her counsel. See Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009). While I might be hesitant to invoke Bonetti to endorse an agreement to pay Plaintiff's attorneys $35,000 in a typical FLSA case, this

---

[1] In their motion, the parties offer the more generous figures of 57.4% and 60%, which they reach by excluding the claimed liquidated damages from the denominator. (Doc. 43 at 9).

is not a typical FLSA case. The resolution of this case appears to have been influenced by the Separation Agreements, the parties represent that the case involved an inordinate amount of discovery for an FLSA action, and that most of the discovery burden fell on Plaintiffs. In addition, Plaintiffs will recover, by FLSA standards, a substantial amount of money. Accordingly, I recommend approval of the attorney fee provision in the agreement.

The parties dutifully call the Court's attention to a range of provisions in the Settlement Agreement which it has found objectionable in other cases, including general releases and non-disparagement and confidentiality provisions, and argue that the Court should approve those provisions in this case. (Doc. 43 at 11-15). As grounds, the parties note that the general releases are mutual, that many of the ancillary provisions in the Settlement Agreement were sought by Plaintiffs rather than Defendant, and that Plaintiffs received separate consideration for these provisions. (Id.) I find these arguments persuasive. Cf. Claflin v. Shelter Mortgage Co., No. 6:13-cv-01028-RBD-DAB, Doc. 26 at 4 (Dec. 2, 2013), adopted, Doc. 27 (M.D. Fla. Dec. 26, 2013) (approving settlement agreement where employee received separate monetary consideration in exchange for mutual general release and other concessions). I also note that the potentially offensive provisions in the FLSA settlement agreement may not subject Plaintiffs to many new obligations. The Separation Agreements the parties signed a year earlier already contain a unilateral general release of Defendant by Plaintiffs, a non-disparagement provision, and a confidentiality provision.[2] (Docs. 43-1, 43-2). Assuming the general releases in the Separation Agreements were not effective as to Plaintiffs'

---

[2] Plaintiffs each received a substantial severance package in connection with their departure.

FLSA claims, those agreements contain severability provisions and as such there is no reason to believe that they would not otherwise be enforceable.

### III. Recommendation

Upon consideration of the foregoing, I find that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute and respectfully recommend that the Court:

(1) **GRANT** the parties' Joint Motion for Approval of Settlement (Doc. 43);

(2) **APPROVE** the parties' Settlement Agreement;

(3) **DISMISS** this case with prejudice; and

(4) **DIRECT** the Clerk to close the file.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 20, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record